## PAPE *v.* WOOLFORD REALTY COMPANY.

ATKINSON, J. First and second loans were made, which in the order named were secured by deeds to described realty on which was a residential building. A transferee of the debts and securities instituted proceedings to enforce collection. Pending such proceedings a receiver was appointed on March 9, 1926, to take charge of the realty and rent out the building and preserve the rents. The receiver, complying with the order, rented the building for a stated monthly rental and collected the rents. After a lapse of several months (December 16, 1926) a third person filed an intervention alleging substantially, that intervenor was owner of specified household furniture located in the building; "that the house and furniture were rented together in the lease contract" for a stated monthly rental; and that intervenor is entitled to a stated proportionate share of the rent as "reasonable rental on" the furniture. The plaintiff having moved to strike the intervention, the intervenor filed an amendment alleging substantially, that on September 1, 1925, intervenor entered into "a lease contract" with the aforementioned tenant, whereby intervenor leased to the latter "the residence and intervenor's own furniture" for one year for a stated monthly sum; that the contract did not end until August 31, 1926, "that all the rental due and paid for the residence and furniture up to the expiration of the lease aforesaid belongs to her, and the same having been paid to the receiver does not divest her of the title to the funds for the months of" February to August, inclusive, 1926, making a stated amount; that intervenor claims a stated proportionate share

Pleading, 31 Cyc. p. 78, n. 95; p. 522, n. 39.

of the monthly rental collected by the receiver for the months of September, 1926, to March, 1927, inclusive, "for the use of her furniture by the tenant after her contract of rental had expired." *Held:*

1. Construing the original intervention and amendment thereto together most strongly against the pleader, the "lease contract" mentioned in the original, refers to the lease contract mentioned in the amendment as entered into between the intervenor and the tenant. It was not alleged that the receiver, who the record shows was receiver only for the realty and had no authority from the court to deal with the furniture, rented the furniture to the tenant.

2. The intervention as amended failed to allege any interest in the intervenor in the rents collected by the receiver, and the trial judge did not err in striking the intervention and refusing the subsequent motion to reinstate it.

3. The intervenor is the sole plaintiff in error named in the bill of exceptions, and there is no other proper exception.

*Judgment affirmed. All the Justices concur.*

No. 6079.  FEBRUARY 16, 1928.

Equitable petition; intervention. Before Judge Moore. Fulton superior court. May 9, 1927.

*W. A. James, L. S. James,* and *C. M. James,* for plaintiff in error.

*Madison Richardson,* contra.